UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

OQUAN HARDY,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer IBRAHIM
CISSE, Shield No. 16003; Lieutenant JOSE
VEGA; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                            Defendants.

----------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

16 CV 5804 (KAM) (ST)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States and the laws of the State of New York.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331,

1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Oquan Hardy is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Ibraham Cisse, Shield No. 16003 ("Cisse"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Cisse is sued in his individual and official capacities.

10.     Defendant Lieutenant Jose Vega ("Vega") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Vega is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 3:30 p.m. on October 21, 2015, Mr. Hardy was lawfully working as a tire technician at Spare Air, a tire repair shop located at 2063 Atlantic Avenue in Brooklyn.

15.     While Mr. Hardy and a co-worker were inside the garage, an individual

unknown to plaintiff ran inside the establishment with two NYPD officers in pursuit.

16.     A defendant officer drew his gun and began to walk toward the back of the garage.

17.     Mr. Hardy informed defendants that there were dogs in the back of the garage and asked them to be careful not to hurt them.

18.     Mr. Hardy began to videotape the incident with his cell phone.

19.     Additional officers arrived and plaintiff and others were told to leave the building.

20.     Mr. Hardy complied and walked across the street where he observed defendants remove the unknown individual from the garage.

21.     A few minutes later, when Mr. Hardy and his co-worker were allowed to return, an officer began to interrogate plaintiff about the garage.

22.     When Mr. Hardy, still videotaping, said he was not the owner and informed the officer that the owner would be back shortly, a supervising officer said, in sum, "I'm tired of this guy, lock him up."

23.     Defendants arrested Mr. Hardy and tightly handcuffed him.

24.     Mr. Hardy, a large man, asked for two sets of handcuffs as the cuffs were excessively tight and cutting into his wrists. Defendants refused and put him in a police vehicle.

25.     Mr. Hardy suffered back and wrist pain after being placed in the backseat of the police vehicle with his hands tightly cuffed behind him.

26.     Plaintiff was taken to the 73rd Precinct.

27.     At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff had obstructed governmental administration.

28.     At no point did the officers observe plaintiff commit a crime or offense.

29.     At approximately 4 a.m., Mr. Hardy was taken to Brooklyn Central Booking.

30.     After approximately twenty hours in custody, Mr. Hardy was released from custody as the District Attorney had declined to prosecute him.

31.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34.     Mr. Hardy suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

43.     Plaintiff was conscious of his confinement.

44.     Plaintiff did not consent to his confinement.

45.     Plaintiff's confinement was not otherwise privileged.

46.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

47.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

51.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

53.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

54.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## Denial of Constitutional Right to Fair Trial

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     The individual defendants created false evidence against plaintiff.

57.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

58.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

59.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
## Negligent Hiring, Training & Retention

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

62. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

63. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

64. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>EIGHTH CLAIM</u>
### Negligent Infliction of Emotional Distress

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By reason of the foregoing, and by assaulting, battering, using gratuitous force and failing to prevent other defendants from doing so, or causing an unlawful

seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

68.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

69.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

70.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure to Intervene

71.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

74.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     June 1, 2017
           New York, New York

                              HARVIS & FETT LLP

                              _____
                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@civilrights.nyc

                              *Attorneys for plaintiff*