UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

OQUAN HARDY,

                                 Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer IBRAHIM
CISSE, Shield No. 16003; Lieutenant JOSE
VEGA; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                             Defendants.
------------------------------------------------------------------X

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

16-CV-5804 (KAM) (ST)

        **WHEREAS,** the parties intend to produce certain documents pursuant to Rules

26 and 34 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise

inappropriate for public disclosure; and

        **WHEREAS,** the parties will only produce these documents if appropriate

protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and among the attorney for Plaintiff and the attorney for Defendants, as follows:

        1.      As used herein, "Action" shall mean the pending action between Plaintiff

and Defendants captioned Oquan Hardy v. City of New York, et al., 16-CV-5804 (KAM) (ST).

        2.      As used herein, without waiving any objections Defendants might seek to

interpose regarding production of these documents, "Confidential Materials" shall mean (a) New

York City Police Department ("NYPD") personnel and disciplinary-related records and

information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, (b) names and addresses of non-party individual/witnesses who have been identified and/or disclosed by defendants to the extent such information is within defendants' possession, (c) Plaintiff's medical records, and (d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by Plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

3.    The parties and/or their respective counsel shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

4.    Counsel shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

(a)    Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

(b)    Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

2

(c)      Before any disclosure is made to a person listed in subparagraphs (a) or (b) above (other than to the Court), counsel shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Counsel shall retain the signed consent and furnish a copy to opposing counsel upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.      The parties or their respective counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by counsel.

3

6.     Inadvertent production of any confidential and/or privileged information shall not constitute a waiver of that information, or subject matter; and upon notification, Plaintiff shall promptly return or destroy the specified information and may not use or disclose the information until the claim is resolved.

7.     If either party's attorney objects to the designation of any Confidential Materials as confidential, they shall state such objection in writing to opposing counsel, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the objecting party's attorney shall, within 45 days of the initial objection, request that the Court remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.     Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.     Nothing in this Stipulation shall be construed to limit the parties' use of their own Confidential Materials in any manner.

10.    This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11.    This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or

4

disclosed.  All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, or anyone receiving confidential documents pursuant to paragraph 4 herein, for any purpose without prior Court approval.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

12.     The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.   Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

Dated: June _____, 2017
         New York, NY

BAREE FETT, ESQ.                          ZACHARY W. CARTER
*Counsel for Plaintiff*                   Corporation Counsel of the City of New York
Harvis & Fett LLP                         *Attorneys for Defendants*
305 Broadway, 14th Floor                  100 Church Street
New York, NY 10007                        New York, NY 10007


By: _____            By: _____
      BAREE FETT                                 DAVID FERRARI


SO ORDERED:

_____
THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE


                    DATED: _____

EXHIBIT A

The undersigned hereby acknowledges that she or he has read the Stipulation of Confidentiality
and Protective Order entered in the United States District Court for the Southern District of New
York, in the action entitled Oquan Hardy v. City of New York, et al., 16-CV-5804 (KAM) (ST),
and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials
defined therein for any purpose other than in connection with the prosecution of this case, and
will not further disclose the Confidential Materials except in testimony taken in this case.

_____

Date

_____

Signature

_____

Print Name

_____

Occupation