UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

OQUAN HARDY,

                                      Plaintiff,

-against-

CITY OF NEW YORK; Police Officer IBRAHIM CISSE, Shield No. 16003; Lieutenant JOSE VEGA; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, OFFICER CISSE, AND LIEUTENANT VEGA**

16 CV 5804 (KAM)(ST)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

        Defendants City of New York, Officer Ibrahim Cisse, and Lieutenant Jose Vega, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the First Amended Complaint, except admit that Plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the First Amended Complaint, except admit that Plaintiff purports to bring this action as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the First Amended Complaint, except admit that Plaintiff purports to base venue as stated therein.

2

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that Plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

6. Paragraph "6" of the First Amended Complaint purports to set forth a demand for trial by jury, and, accordingly, requires no response.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the First Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the First Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that, on or about October 21, 2015, Ibrahim Cisse was employed by the City of New York as a police officer, and that Plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the First Amended Complaint, except admit that, on or about October 21, 2015, Jose Vega was employed by the City of New York as a police lieutenant, and that Plaintiff purports to proceed as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the First Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the First Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

13. Paragraph "13" of the First Amended Complaint sets forth conclusions of law, rather than averments of fact, and, accordingly, requires no response.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the First Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the First Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the First Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the First Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the First Amended Complaint.

19. Admit the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding Plaintiff's observations.

21. Deny the allegations set forth in paragraph "21" of the First Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the First Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the First Amended Complaint, except admit that Plaintiff was arrested on or about October 21, 2015.

24. Deny the allegations set forth in paragraph "24" of the First Amended Complaint, except admit that Plaintiff was placed in a police vehicle.

25. Deny the allegations set forth in paragraph "25" of the First Amended Complaint.

26. Admit the allegations set forth in paragraph "26" of the First Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the First Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the First Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the First Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the First Amended Complaint, except admit that the Kings County District Attorney's Office declined to prosecute Plaintiff.

31. Deny the allegations set forth in paragraph "31" of the First Amended Complaint, except admit that a document purporting to be a notice of claim on behalf of Plaintiff was received by the City of New York on or about January 8, 2016.

32. Deny the allegations set forth in paragraph "32" of the First Amended Complaint, except admit that the purported claim has not been adjudicated or paid.

33. Deny the allegations set forth in paragraph "33" of the First Amended Complaint, except admit that Plaintiff filed the Complaint in this action on or about October 18, 2016.

34. Deny the allegations set forth in paragraph "34" of the First Amended Complaint.

35. In response to the allegations set forth in paragraph "35" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the First Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38. In response to the allegations set forth in paragraph "38" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the First Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the First Amended Complaint.

41. In response to the allegations set forth in paragraph "41" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the First Amended Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the First Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the First Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the First Amended Complaint, and further state that the allegations set forth therein regarding *respondeat superior* constitute conclusions of law, rather than averments of fact, and, accordingly, require no response.

47. Deny the allegations set forth in paragraph "47" of the First Amended Complaint.

48. In response to the allegations set forth in paragraph "48" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the First Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the First Amended Complaint.

51. In response to the allegations set forth in paragraph "51" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the First Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the First Amended Complaint, and further state that the allegations set forth therein regarding *respondeat superior* constitute conclusions of law, rather than averments of fact, and, accordingly, require no response.

54. Deny the allegations set forth in paragraph "54" of the First Amended Complaint.

55. In response to the allegations set forth in paragraph "55" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the First Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the First Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the First Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the First Amended Complaint.

60. In response to the allegations set forth in paragraph "60" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the First Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the First Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the First Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the First Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the First Amended Complaint.

66. In response to the allegations set forth in paragraph "66" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the First Amended Complaint, and further state that the allegations that the defendants were acting in their capacities as NYPD officers and within the scope of their employment are conclusions of law, rather than averments of fact, and, accordingly, require no response.

68. Deny the allegations set forth in paragraph "68" of the First Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the First Amended Complaint, and further state that the allegations set forth therein regarding *respondeat superior* are conclusions of law, rather than averments of fact, and, accordingly, require no response.

70. Deny the allegations set forth in paragraph "70" of the First Amended Complaint.

71. In response to the allegations set forth in paragraph "71" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the First Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the First Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the First Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others, and was not the proximate result of any acts of Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5. There was probable cause for Plaintiff's arrest, detention, and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

6. There was reasonable suspicion and/or probable cause for any stop, seizure and/or search.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's State law claims may be barred, in whole or in part, because Plaintiff has failed to comply with the conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

9. At all times relevant to the acts alleged in the First Amended Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's State law claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's State law claims may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. At all times relevant to the acts alleged in the First Amended Complaint, the individual defendants acted reasonably and in the proper and lawful exercise of their discretion.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to mitigate his alleged damages.

**WHEREFORE,** Defendants request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 29, 2017

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants*

                                  By:        /s/
                                      David Ferrari, Esq.
                                      *Assistant Corporation Counsel*
                                      Special Federal Litigation Division
                                      New York City Law Department
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-5058

To:    Baree N. Fett (*via ECF*)
        *Attorney for Plaintiff*
        Harvis & Fett, LLP
        305 Broadway, 14th Floor
        New York, New York 10007
        (212) 323-6880